CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of Georgia Pacific Corporation, plaintiff-appellee, and against Ardenwood-Melrose, Inc., Wayne D. Swen-son, A. E. Probst, Ardenwood Enterprises and American Liberty Insurance Company, defendants-appellants, awarding the plaintiff $14,643.84 as the amount due under a contract of sale entered into by the plaintiff and defendants plus interest and costs.
The defendants purchased vinyl pre-hung interior doors from the plaintiff. The doors were to be used in the construction of an apartment complex and were to be deliv *750 ered according to a prearranged schedule at a protected price. Prior to delivery the doors were to be stored in a Georgia Pacific warehouse. The doors were delivered as scheduled until the defendants fell behind in construction. The plaintiff at that time stored the remaining doors for an additional period. Then, in order to protect its price, the defendant took delivery of the remaining doors and stored them on the job site.
When the defendants failed to pay the portion of the purchase price due, the plaintiff filed a lien against the apartment complex and suit against the defendants. A bond was posted to free the apartment complex from the lien. The defendants filed an answer alleging that there were defects in the doors which entitled them to a reduction in price. A trial on the merits was held and judgment rendered awarding the plaintiff 80% of the amount of the claim.
The defendants have appealed this judgment contending that the District Court erred in:
“I. In Failing to Award Defendant-Appellants the Proper Reduction in Purchase Price Due to the Defective Nature of the Doors Delivered.
“II. In Failing to Allow the Introduction of Evidence Disputing the Value of the Debt Sued Upon.”
The plaintiff has answered the appeal asking that the award of the District Court be increased to the total amount sued for and be amended to include attorney’s fees.
The defendants argue that the 20% reduction given them by the District Court should have been applied to the total purchase price rather than to the amount due on the last delivery of doors. While the record reflects that there were some defective doors in the initial shipments, there is also evidence that these doors were returned to the plaintiff and replaced by it. The evidence supports the District Court’s finding that most of the damage to the last shipment occurred after delivery. There is testimony that these interior doors were not properly stored at the job site in that they were placed under overhangs where rain could reach them and in hallways where workmen would walk on them. The doors were stored upright instead of flat as per directions contained on each carton and were shifted from one place to another. This testimony is supported by photographs taken at the job site.
The District Court found, based on the evidence, that the defendants were entitled to a reduction in price for the unre-placed defective doors in the final shipment. There is evidence in the record to support the Trial Court’s finding that approximately 20% of the doors were defective. We find no manifest error in this conclusion.
The defendants argue that the District Court erred in refusing to admit evidence as to alleged overpayments by the defendants. The defendants contend that under the terms of the contract they should be given credit for a 2% discount for prompt payment for the doors delivered as scheduled. At issue is the manner in which this allegation must be pleaded.
The defendants admit that their allegation is an affirmative defense and under Code of Civil Procedure Article 1005 must be specially pleaded. They argue that this requirement was met in their Third Amended Answer when they stated:
“The defendants, have paid plaintiff all the money to which plaintiff is entitled and no further cause of action exists on behalf of plaintiff against defendants.”
The purpose of the requirement that an affirmative defense be specially pleaded is to give fair notice of the nature of the defense and to prevent surprise. Pittman v. Roberts, La.App., 337 So.2d 541 (2nd Cir. 1976). The mere statement that the defendants have paid the plaintiff all the money to which he is entitled is not fair notice that the defendants intend to raise the issue of the plaintiff’s failure to give them a 2% discount for prompt payment. Therefore, the District Court properly refused to admit evidence on this point.
The plaintiff contends that the District Court erred in failing to award attor *751 ney’s fees of 10% as provided for by R.S. 9:4842. An examination of the pleadings establishes that this relief was first requested on appeal. Therefore, this question is not properly before this Court and will not be considered. State v. Broussard, La.App., 153 So.2d 131 (3rd Cir. 1963).
For the above reasons, the judgment appealed is affirmed. Costs to be paid by the defendants.
AFFIRMED.