490 So.2d 526 (1986)
SESSIONS, FISHMAN, ROSENSON, BOISFONTAINE, & NATHAN
v.
Sherdeane Kinney TADDONIO.
No. CA-4459.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
Camilo K. Salas, III, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, for plaintiff-appellant.
Before REDMANN, C.J., and WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
This is an appeal from a decision of the trial court dismissing defendant Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn ["Sessions"] suit to recover attorneys' fees from defendant Sherdeane Kinney-Taddonio.
Sessions represented Kinney-Taddonio in her protracted separation and divorce proceedings. As a result, plaintiff alleges that there is a $5,131.66 balance in attorneys' fees and expenses due it from defendant. After attempting amicable demand upon defendant, plaintiff filed this suit. Defendant filed a general denial in her answer, and did not make herself available for discovery prior to trial. At trial, she asserted that Robert Lowe, an attorney with Sessions, indicated to her in May of 1983, that the fees had been paid. The trial court, finding the defendant to be creditable, dismissed plaintiff's action.
On appeal, Sessions asserts several errors in the court below: (1) not allowing Sessions to present its claim as a suit on open account; (2) the court's acceptance of defendant's assertion that her obligation to pay Sessions was extinguished by settlement, on the grounds that it was not set forth as an affirmative defense; (3) the court's refusal to allow testimony concerning attorneys' fees which are recoverable on open account; (4) the court's refusal to conclude that defendant should not have been charged for fees incurred by an associate of the firm, because she did not claim as a defense that he was not entitled to them and that she expressly or impliedly *527 agreed to her representation by this associate at times; and (5) the court's ultimate conclusion that the defendant did not owe fees to plaintiff.
The factual determination in this case concerns the settlement of the partition of the community, which occurred in May of 1983. Plaintiff testified that Lowe informed her "Sherdeane, we are settling this case today. I'm not walking out of here unless my fees have been covered." (Tr at 64-65) At this time, after the agreement had been entered into, plaintiff signed over $6,000.00 of a check (which had been paid to her by her husband in compromise of an outstanding balance of past due child support) to Sessions. She argues that on the basis of Lowe's statement to her that the case would not be settled unless the fees had been covered and her turning over of $6,000.00, she believed that no more legal fees were due and owing to the firm. The trial court found that Mrs. Taddonio was creditable and that she was reasonable in relying upon this assertion by Lowe to indicate that all fees had been paid in full.
Plaintiff asserts, however, that defendant is prevented from claiming that her debt to it is extinguished because she failed to raise it as an affirmative defense. La.C. Civ.Pr. art 1005. Article 1005 requires that the answer set forth affirmative defenses. These defenses are required to be specifically pleaded so as to give a plaintiff fair notice of the defense and to avoid surprise. Jackson v. Maloney Trucking and Storage, Inc., 442 So.2d 849, 852 (La.App. 4th Cir.1983); Louisiana National Bank of Baton Rouge v. Heindel, 365 So.2d 37 (La. App. 4th Cir.1978). This article is liberally construed, although a mere general denial cannot suffice to prove an affirmative defense over objection at trial. Bank of Coushatta v. Evans, 313 So.2d 644, 646 (La.App. 2d Cir.1975).
In paragraph five of her answer, defendant stated:
"In further answering the allegation of plaintiffs' petition, defendant avers that part payment of the indebtedness has been made and the petitioners open account claim does not accurately reflect the amount actually due from defendant, if any amount is due at all."
The trial court made a determination that the preceeding provision was sufficient to meet the requirements of article 1005.
In Georgia Pacific Corporation v. Ardenwood-Melrose, Inc., 348 So.2d 748 (La. App. 1st Cir.1977), defendants claimed in their answer that they had "paid plaintiff all the money to which plaintiff is entitled and no further cause of action exists on behalf of plantiff against defendants". Id. at 750. The court held that this statement was not fair notice that defendants were going to raise an affirmative defense concerning a credit on the amount owed.
In this case, defendant's denial is insufficient and the trial court improperly allowed her to testify about any possible extinguishment of the obligation. Because defendant presented no other defenses, and plaintiff presented more than a preponderance of evidence of the amount of work done on defendant's behalf which defendant did not dispute, the trial court should have ruled in plaintiff's behalf as to the fees incurred for work done by Lowe and his associate Terry Hauver. At this point, we reject defendant's assertion that she never intended to pay for Hauver's work. After discussion with defendant, plaintiff agreed she would not be billed for Hauver's time only when he appeared in court along with Lowe; otherwise, Hauver's time was billed to plaintiff. Plaintiff contended somewhat nebulously that she considered Lowe to be her attorney and that she never agreed to pay for Hauver's time. Her testimony on this issue is unclear, and she never complained prior to trial about being billed for Hauver's time. We cannot agree with the trial court that she should be allowed the benefit of Hauver's work without having to pay for it.
We also must address the issue of open account. Attorneys' fees are recoverable from a defendant on a suit on open account if that person fails to pay an open account within 15 days after receipt of *528 written demand. La.R.S. 9:2781. For purposes of the statute, an open account is any account for which a part or all of the balance is past due, whether it reflects one or more transactions and whether, at the time of contracting, the parties expected future transactions. Currently, the definition of open account includes legal services. La.R.S. 9:2781. Prior to a 1983 amendment, however, a single transaction did not constitute an open account for purposes of an award for attorney's fees. The amendment has been deemed substantive and has not been applied retroactively. Almerico v. Katsanis, 458 So.2d 158 (La.App. 5th Cir.1984); Commercial Credit Claims Service, Inc. v. Richardson, 454 So.2d 177 (La.App. 1st Cir.1984). Because plaintiff's services were provided prior to the amendment, in order to recover attorneys' fees, plaintiff must prove that its representation of defendant was not a single transaction, but rather a series of transactions. Because the award of attorney's fees is a drastic remedy, the statutory procedures and requirements must be complied with strictly. Chaney Oil Company of Vicksburg v. Beard, 446 So.2d 849 (La. App.2d Cir.1984). Defendant testified that she hired Sessions to represent her in her separation and divorce proceedings. Sessions introduced no evidence pertaining to the nature of its relationship with defendant. We cannot hold that plaintiff carried its burden in proving that its representation was a series of transactions, as required by the statute in effect at the time.
For the foregoing reasons, the ruling of the trial court is reversed insofar as it denies plaintiff recovery of $5,131.66 for its expenses and the work Lowe and Hauver did on defendant's behalf. Plaintiff is not entitled, however, to recover attorneys' fees and costs provided by La.R.S. 9:2781.
REVERSED.
REDMANN, C.J., concurs with reasons.
REDMANN, Chief Judge, concurring.
Although I do not agree that the motion to strike should have been granted, the questioned evidence does not establish any contractual basis for denying plaintiff lawyers their fees, nor does it justify excluding their charge for a new associate's solo representation of defendant. I therefore concur in the majority's decree.

I
Defendant testified at great length, without objection, about an agreement with, or representation by, her lawyer that his fees would be "covered" at the time of defendant's property settlement.
It was not until defendant finished her testimony that plaintiff's counsel objected that she was raising an unpleaded affirmative defense:
"At this time, I would like to ask the court to strike her testimony inasmuch as she has represented an affirmative defense not pled in the answer. Up until today, we were not aware of what her defense was going to be."
Once testimony has been given it is too late to object; the pleadings are considered by La. C.C.P. 1154 as amended to conform to the evidence. Art. 1154 further provides that if the objection to that evidence is timely,
"the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
Plaintiff did not request a continuance, and was not prejudiced by the trial court's considering defendant's testimony, because plaintiff's own firsthand witness was present and thereafter did testify. I would therefore reject plaintiff's argument that because defendant did not plead she cannot have the benefit of her proof (if that it be) of an affirmative defense.

II
Defendant's testimony, although very extensive, is not proof of a defense, however. *529 Asked whether there were any other agreements (than for an hourly charge) with lawyer Robert Lowe concerning payment of the fees, defendant testified:
"Yes, when we settled the community property in ... May of 1983. In the [courthouse] hallway, while he was discussing strongly and coercing me in a way why I should settle this case in various forms of languagewell, he was berating me for dragging my feet, and he said a couple of times that he was tired of the case and that he was not walking out of this court unless his fees were covered and that this case was going to be settled that day and his fees were going to be covered and he wasn't walking out of here unless it was. Consequently, as the day wore on or the morning, I finally, after three years of dealing with it all, took what was offered, and we settled and went to ... Bob Lowe's office, and I signed the papers. My ex-husband gave a check of $6,000 that was back due money.... It was signed over to Bob Lowe, and because of what he said to me many times in the hall over here that day, I assumed, you know, that the case was settled, that we settled the property, and there would be no more of this stuff coming down here and his fees were covered. I didn't question him about it, and he didn't say anything about his fees or anything. The last time we talked about his fees, he saidI never will forget it'We're going to settle this case today one way or the other. I'm not walking out of here unless my fees are taken care of.' Why would he say it if it didn't work like that?"
The Louisiana supreme court has often ruled that the courts of appeal may not substitute either their credibility evaluation or their reasonable factual inferences for those of the trial court. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). On the other hand the courts of appeal do have appellate jurisdiction of both law and facts, and are obliged to reverse factual findings when the record, "even when viewed in the light most favorable to the party that prevailed in the trial court, simply does not furnish a reasonable basis for the trial court's resolution...." Williams v. Keystone General Contrs., Inc., 488 So.2d 999 (La.1986).
Accepting defendant's testimony in the light most favorable to her, the testimony does not constitute a reasonable basis for the trial court's denying the lawyer the fees earned under the admitted agreement for payment at a specified hourly rate.
If defendant ex-wife had explicitly testified, for example, that she had persisted in rejecting the proposed property settlement until the lawyer represented to her that it had been amended to provide that the ex-husband would pay her fees and the lawyer agreed to look to him for the fees (or, perhaps, that the lawyer explicitly waived the balance of his fees if she accepted the settlement); and that only then did she accept it as netting her more than the unacceptable original proposal by the amount of the fees: in such a case there would be a reasonable basis for finding that she no longer owed the fees. That the written settlement agreement did not so provide would not change the effect between lawyer and client of the lawyer's representation that it did, or his agreement to look to the ex-husband for his fees. Defendant's acceptance of the settlement that she otherwise deemed too low could constitute a detrimental reliance upon her lawyer's representation or promise and defeat his claim for the fees under the civil law principle venire contra factum proprium non valet. See Sanders v. United Distributors, Inc., 405 So.2d 536 (La.App. 4 Cir.1981), cert. denied 410 So.2d 1130. (Compare C.C. 1967, 1984 revision: "A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.... Reliance on a gratuitous promise made without required formalities is not reasonable.") (A waiver of feesa remission of debtdoes not require the formality of writing, much less *530 donation form, and may even be "tacit," C.C. 2199 (1870), now art. 1888; but it does require cause, C.C. 1893 (1870); see Litvinoff, Obligations, § 362.)
Defendant's testimony is not to any such effect, however. She shows no more than that, from her lawyer's statements that the fees would be "covered" (the expression she quoted in almost every instance in her testimony), she "assumed" that after paying the $6,000 that she did pay she would no longer owe the balance of the fees that, admittedly, she previously did owe the lawyer. That testimony does not evidence either a representation by the lawyer that the ex-husband agreed to pay his fees as part of the settlement, or a waiver by the lawyer of fees, or any other basis upon which we could conclude that defendant no longer owed the fees she admittedly contracted to pay. The trial judge was clearly wrong in his contrary conclusion.

III
Finally, I reject the trial judge's conclusion that defendant should not have been charged for the time of a recently-admitted associate when defendant had hired an experienced lawyer. The evidence is uncontradicted that defendant was not charged for the associate's time when he was in court with the experienced lawyer, but was charged (at a lower rate, not contended by defendant to be unreasonable) for the associate's time when he went alone to court in defendant's behalf. Defendant knew that the associate was working for her alone on those occasions, raised no objection, and cannot have expected him to work without pay.