## STUART LEV *v.* DELCI LEV
### (4455)

BORDEN, SPALLONE and BIELUCH, Js.

Submitted on briefs February 2—decision released April 28, 1987

*Gary I. Cohen* and *Elaine Gordon* filed a brief for the appellant (plaintiff).

*Delci Lev,* pro se, the appellee (defendant), filed a brief.

SPALLONE, J. The plaintiff is appealing from the order of the trial court denying his motion for modifi-

cation of alimony and child support and awarding the defendant $1500 to defend this appeal.

The marriage of the parties was dissolved on November 17, 1978. The original judgment incorporated an agreement between the parties which provided that the plaintiff would pay $107.50 per week to the defendant as child support for the parties' only child. The plaintiff also agreed to pay alimony in the amount of $50 per week, plus an additional $10 per week for a period of eighteen months. In response to the defendant's motion for contempt and the plaintiff's motion to modify the alimony and support orders, the court, after a hearing on August 7, 1979, denied the plaintiff's motion and found an arrearage of alimony and support. In December, 1979, the court again denied the plaintiff's renewed motion for modification of alimony and support. In March, 1980, the court suspended the plaintiff's obligation to pay alimony and support on the ground that the plaintiff was unemployed. In October, 1980, when the plaintiff gained employment, the court reinstated the obligation to pay alimony and support, but lowered the alimony payment to $17.50 per week.

On April 19, 1985, the plaintiff filed another motion to modify alimony and support payments. On August 5, 1985, the court denied the motion, finding that there was no substantial change in the plaintiff's circumstances to warrant a modification. From this order, the plaintiff has appealed and claims that the court erred (1) in erroneously determining the plaintiff's income as of the relevant dates in October, 1980, and July, 1985, and (2) in failing to find that a 33 percent decrease in the plaintiff's earnings constituted a substantial change in circumstances so as to entitle him to a modification of his support and alimony payments. After this appeal was filed, the trial court awarded the defendant $1500 as an allowance to defend the appeal. The

plaintiff has amended his appeal and asserts, as a third claim of error, that this award was erroneous.

The plaintiff's first claim, that the court erred in determining the plaintiff's income as of the relevant dates, is an attack on the factual findings of the trial court. Our review of a trial court's factual findings is limited to a determination of whether these findings are clearly erroneous. Practice Book § 4061 (formerly § 3060D); *Cookson* v. *Cookson,* 201 Conn. 229, 243, 514 A.2d 323 (1986). The plaintiff claims that, in computing his income, the court ignored information from a 1980 financial affidavit, failed to take into account periods when the plaintiff was unemployed, and wrongfully computed the plaintiff's 1985 income from his past, rather than his present, earnings. We find no merit to this claim. A review of the trial court's memorandum of decision, filed in response to the plaintiff's motion for articulation, reveals that the trial court properly considered the information that the plaintiff claims it ignored, i.e., the information from the 1980 financial affidavit and the fact that the plaintiff had been temporarily unemployed. Furthermore, the record reveals that the past earnings that the plaintiff claims the court wrongly considered in computing the plaintiff's 1985 income were part-time earnings which the plaintiff had received during 1985 while working as a tax consultant. The court was fully justified in considering this source of income when computing the plaintiff's 1985 income. In reviewing this claim under the clearly erroneous standard, our role is limited to a determination of whether the court's finding is " 'unsupported by the record, incorrect, or otherwise mistaken.' " *Lupien* v. *Lupien,* 192 Conn. 443, 445, 472 A.2d 18 (1984), quoting *Garrison* v. *Garrison,* 190 Conn. 173, 176, 460 A.2d 945 (1983). The record does not support the claim that the trial court's findings regarding the plaintiff's income were clearly erroneous.

The plaintiff's second claim, that the court erred in failing to find that a 33 percent decrease in earnings constituted a substantial change in circumstances so as to entitle him to a modification, is likewise without merit. In addition to the loss in the plaintiff's income, the court was authorized to consider a broad range of circumstances in deciding whether the decree should be modified. *Benson* v. *Benson,* 187 Conn. 380, 382, 446 A.2d 796 (1982). These include all of the numerous factors considered by the court when fixing the original orders. *McMann* v. *McMann,* 191 Conn. 447, 452, 464 A.2d 825 (1983); *Hardisty* v. *Hardisty,* 183 Conn. 253, 258–59, 439 A.2d 307 (1981). Here, the trial court highlighted a number of factors when denying the motion to modify. First, the trial court considered the plaintiff's earning capacity, rather than just his present earnings. Such a consideration is proper. *Miller* v. *Miller,* 181 Conn. 610, 611–12, 436 A.2d 279 (1980); *Pascal* v. *Pascal,* 2 Conn. App. 472, 482, 481 A.2d 68 (1984). Second, the court observed that the plaintiff's financial hardship resulted from, among other things, his remarriage and his voluntary commitment of a substantial portion of his net weekly income to pay the mortgage and taxes on a home owned solely by his second wife. Financial hardships that result from a remarriage are not alone sufficient to justify a modification of a support and alimony decree. *Riccio* v. *Riccio,* 153 Conn. 317, 320, 216 A.2d 431 (1966). In reviewing a trial court's decision on a motion to modify, every reasonable presumption will be made in favor of the trial court's exercise of discretion. *Cummock* v. *Cummock,* 188 Conn. 30, 35, 448 A.2d 204 (1982). Its decision will not be disturbed unless it acted illegally or unreasonably. *Scott* v. *Scott,* 190 Conn. 784, 789, 462 A.2d 1054 (1983). We cannot find that the trial court abused its discretion or acted unreasonably in denying the plaintiff's motion to modify.

In his third claim of error, the plaintiff challenges the trial court's posttrial award of attorney's fees to the defendant to defend this appeal. In making such an award, the court was obligated to consider the respective financial abilities of the parties. General Statutes §§ 46b-62 and 46b-82; *Friedlander* v. *Friedlander,* 191 Conn. 81, 87, 463 A.2d 587 (1983); *Koizim* v. *Koizim,* 181 Conn. 492, 501, 435 A.2d 1030 (1980); *Howat* v. *Howat,* 1 Conn. App. 400, 408, 472 A.2d 799 (1984). The allowance and amount of counsel fees is left to the exercise of judicial discretion, and the availability of funds with which to pay the attorney's fees of the spouse claiming the allowance is not an absolute standard for denying the award. *Anderson* v. *Anderson,* 191 Conn. 46, 59, 463 A.2d 578 (1983); *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 30, 459 A.2d 498 (1983). We find no abuse of discretion in the trial court's award of attorney's fees to defend this appeal.

While the defendant was entitled to an allowance to defend the appeal, we note that the defendant has entered a pro se appearance in this appeal and there is no indication from the record or briefs that she has incurred any counsel fees in defending the appeal.[1] We are faced with the question, therefore, of whether the defendant, by her failure to engage appellate counsel, has in effect lost her standing to collect the award of attorney's fees, despite the fact that the court acted properly and in accordance with the law when it initially granted the award.[2]

---

[1] At the time the trial court made the award to the defendant, she was represented by counsel.

[2] The defendant claims in her brief that she was forced to represent herself in this appeal because the plaintiff failed to pay her the award granted by the trial court. Without in any way condoning the action of the plaintiff, we note that the record does not reflect that the defendant brought any contempt proceedings in the trial court to attempt to enforce the award.

Neither the Supreme Court nor this court has passed upon the propriety of an award of counsel fees to a pro se litigant. Almost all the courts that have considered the issue, however, have refused to grant attorney's fees to pro se litigants, although for varying reasons.[3] See, e.g., *Cofield* v. *City of Atlanta,* 648 F.2d 986, 987–88 (5th Cir. 1981); *Crooker* v. *United States Department of Justice,* 632 F.2d 916, 921 (1st Cir. 1980); *White* v. *Arlen Realty & Development Corporation,* 614 F.2d 387, 388–89 (4th Cir.), cert. denied, 447 U.S. 923, 100 S. Ct. 3016, 65 L. Ed. 2d 1116 (1980); *Davis* v. *Parratt,* 608 F.2d 717, 718 (8th Cir. 1979); *Hannon* v. *Security National Bank,* 537 F.2d 327, 328–29 (9th Cir. 1976); *Atherton* v. *Board of Supervisors,* 176 Cal. App. 3d 433, 436–37, 222 Cal. Rptr. 56 (1986); *Parquit Corporation* v. *Ross,* 273 Or. 900, 902, 543 P.2d 1070 (1975); note, "Pro Se Can You Sue? Attorney Fees for Pro Se Litigants," 34 Stan. L. Rev. 659, 666–69 (1982); cf. *Crooker* v. *U.S. Department of the Treasury,* 634 F.2d 48, 49 (2d Cir. 1980) (no attorney's fee granted in Freedom of Information Act action where no showing that prosecuting lawsuit caused pro se federal prisoner to divert time from income producing activity). Courts have reasoned, among other things, that the purpose of an award of attorney's fees is to allow a party to obtain counsel rather than to compensate litigants for their time, and that, without statutory authorization for such fees, such an award is improper. See 34 Stan. L. Rev. 659, supra. Following this majority view, we hold that the defendant is not entitled to attorney's fees for her own efforts on this appeal.

Nevertheless, the mere fact that the defendant entered a pro se appearance and filed a pro se brief does not mean that she may not have actually incurred

---

[3] An exception in some jurisdictions is when the pro se litigant is himself an attorney. See Annot., 78 A.L.R.3d 1119; note, "Pro Se Can You Sue? Attorney Fees for Pro Se Litigants," 34 Stan. L. Rev. 659, 666 (1982).

attorney's fees by way of legal advice, consultation, research or assistance in the preparation and typing of her brief. Furthermore, we recognize the proposition that an allowance to defend includes, in addition to attorney's fees, other items of expense such as fees and costs of transcripts. The order of the trial court awarding the allowance to defend the appeal, therefore, should be modified to reflect the actual amount, up to $1500, that defendant actually spent towards attorney's fees, if any, and other allowable expenses.

There is no error. Because of the unique facts and circumstances presented in this appeal, however, under our supervisory powers enunciated in Practice Book § 4183, we remand this case to the trial court with instruction to conduct a hearing to determine the actual amount expended by the defendant in defending this appeal including fees, costs of transcripts, attorney's fees, if any, and related expenses, and then to modify its order to reflect any decrease warranted as a result of such hearing.

In this opinion the other judges concurred.