[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS NO. 105 AND 108 (COUNSEL FEES TO DEFEND AND COUNSEL FEES FOR COUNSEL FOR MINOR CHILDREN
There are two motions to be decided by the court, both involving counsel fees. The defendant has moved for counsel fees to defend against plaintiff's motion for change of principal CT Page 421 residence of the children and counsel for the minor children has moved for counsel fees.
There are two minor children issue of the parties: Lindsay, age 10, and Robert, age 7. A decree of dissolution of the parties' marriage was entered on July 31, 1991. At that time the court ordered joint legal custody of the minor children, the children to reside principally with their mother, the defendant.
On August 4, 1992, the plaintiff father filed a motion for change or primary residence alleging that it is in the best interests or the minor children that their primary residence be with the father. This motion was referred to Family Relations for mediation on August 27, 1992 by Judge Karazin. On December 10, 1992, Attorney Patricia Reath was appointed as counsel for the minor children.
The defendant now seeks an allowance to defend against the plaintiff's motion for change of physical residence. Defendant's counsel has submitted an affidavit regarding fees and seeks an allowance of $7,500.00. Counsel has set forth in her affidavit time expended on the defendant's behalf since July 7, 1992 to December 31, 1992. It is clear that services rendered included services regarding the pending motion to modify child support and the defense of a motion for contempt filed by the plaintiff and heard by the court on July 16, 1992 (see transcript in the file).
The parties have presented financial affidavits and testimony. The defendant claims that the plaintiff seeks to have the principal residence of the children changed because the plaintiff does not approve of her lifestyle. However, there was no evidence to support this claim. The defendant claims, also, that she should be granted an allowance to defend because of the disparity between plaintiff's income and here. She points to the plaintiff's net monthly income of $6,724.00 after deducting support of $1,776.00 per month compared to her net monthly income of $3,600.00 including child support of $1,776.00.
The rule regarding attorney's fees has been set forth quite succinctly in the case of Greene v. Greene, 13 Conn. App. 512,516-17 (1988), as follows:
The trial court may, pursuant to General CT Page 422 Statutes 46b-62, award counsel fees to a party in a dissolution action in accordance with their respective financial abilities and the criteria set forth in 46b-82. Holley v. Holley, 194 Conn. 25, 34, 478 A.2d 1000 (1984). "`That a party has sufficient funds to pay the attorney does not preclude an award for counsel fees. Arrigoni v. Arrigoni, 184 Conn. 513, 519, 440 A.2d 198
(1981).' Rather, the question the court must address is whether the defendant had ample liquid funds to pay counsel fees. Koizim v. Koizim, 181 Conn. 492, 435 A.2d 1030 (1980)." Eldridge v. Eldridge, 4 Conn. App. 489, 494, 495 A.2d 283 (1985). In determining whether a party has "ample liquid funds" to pay counsel fees the trial court must examine the total financial resources of the parties in light of the statutory criteria. Venuti v. Venuti, 185 Conn. 156, 163, 440 A.2d 278 (1981). "The allowance and amount of counsel fees is left to the exercise of judicial discretion, and the availability of funds with which to pay the attorney's fees of the spouse claiming the allowance is not an absolute standard for denying the award. Anderson v. Anderson, 191 Conn. 46, 59, 463 A.2d 578
(1983); Fitzgerald v. Fitzgerald, 190 Conn. 26, 30, 459 A.2d 498 (1983)." Lev v. Lev, 10 Conn. App. 570, 574, 524 A.2d 674 (1987).
A post trial award of attorney's fees to defend is allowable. Friedlander v. Friedlander, 191 Conn. 81, 87-88
(1983).
The plaintiff has a checking account with a balance of $18,000.00. The defendant has a savings account with a balance of $12,000.00. In addition, the defendant has designated as an IRA an account at CBT with a balance of $20,000.00. This account is the balance of a Defined Benefit plan the defendant had when she was employed at Exxon. This account was not "rolled over" upon the defendant's termination of employment at Exxon, and the defendant spent part of the account. The defendant concludes that this account continues as an IRA CT Page 423 account. The court concludes, however, that this account no longer is a deferred savings account and is available as "liquid funds," so that $32,000.00 is available to the defendant by way of savings.
An award of counsel fees may take into consideration, in addition to the respective financial abilities of the parties and the factors of 46b-82, the nature, complexity and scope of the litigation. This is best determined during the course of that litigation. See Arrigoni v. Arrigoni, 184 Conn. 513, 518
(1981).
Based upon the foregoing and the evidence presented during the course of the hearing in this matter, the court denies the defendant's motion for allowance to defend but without prejudice to the renewal of said motion during the hearing on plaintiff's motion for change of physical residence.
Counsel for the minor children seeks a retainer of $3,000.00. The court orders that the plaintiff pay $2,000.00 to counsel for the minor children within thirty (30) days of this date. The court orders that the defendant pay $1,000.00 to counsel for the minor children within thirty (30) days of this date.
The orders of the court, therefore, are as follows:
Motion number 105 is denied without prejudice.
Motion number 108 is granted, the plaintiff to pay $2,000.00 within thirty (30) days of this date and the defendant to pay $1,000.00 within thirty (30) days of this date.
EDGAR W. BASSICK, III, JUDGE