[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
On March 26, 1998, the defendant State Board of Labor Relations ("the Labor Board") issued a decision ordering the plaintiff union to pay an unspecified amount of attorney's fees and other costs to Robert Siok and one other individual. Siok was a union member to whom, according to the Labor Board's findings, the union had breached its duty of fair representation. (Return of Record ("ROR"), Item 7 ("Decision on Remand"), pp. 1-2.) The plaintiff appealed and this court remanded the matter to the Labor Board for an evidentiary hearing on the specific amount of attorney's fees and costs. See Local 1042, AFSCME, Council 4,AFL-CIO v. Connecticut State Board of Labor Relations, Superior Court, judicial district of New Britain, Docket No. 493379 (June 1, 1999,McWeeny, J.), 24 Conn.L.Rptr. 616.
On remand, the Labor Board ordered the plaintiff to pay Siok $9,279.34 in attorney's fees and costs. (ROR, Item 7, pp. 3, 6.) The plaintiff appeals again to this court. The sole claim on appeal is that, insofar as the Labor Board ordered the plaintiff to pay attorney's fees incurred after June 15, 1993, the order was a clear abuse of discretion because, after that date, Siok's attorney "was no longer representing the complaining parties as an attorney before the Labor Board." (Plaintiff's Trial Brief, p. 4.)
The Labor Board found that, after June 15, 1993, Siok's "law firm was advising Mr. Siok even if attorneys did not appear at the Labor Board hearings." (ROR, Item 7, p. 5.) Accordingly, the Labor Board's award included fees for the period from June 15, 1993 through April 20, 1994, which is the last date for which Siok's attorneys billed their client for legal representation. (ROR, Item 4, Exhibit 5; Item 7, pp. 5-6.) The record does not reveal that any hearings before the Labor Board took place during this period and the parties agree that there were none. Accordingly, this case is not one in which Siok appeared pro se before the agency, a fact that would bar him from receiving attorney's fees for his own efforts. See Lev v. Lev, 10 Conn. App. 570, 575, 524 A.2d 674
(1987). Rather, this case is one in which Siok's lawyers did not have occasion to appear before the agency during this time period, and instead represented him in essentially a pretrial capacity. Such representation constitutes a valid basis for an award of attorneys' fees and does not represent an abuse of discretion. See Mayberry v. Walters, 862 F.2d 1040,1042-43 (3d Cir. 1988); Bollitier v. International Brotherhood ofTeamsters, 735 F. Sup. 623, 629 (D.N.J. 1989). See also Lev v. Lev, CT Page 398 supra, 10 Conn. App. 575-76 ("the mere fact that the defendant entered a pro se appearance and filed a pro se brief does not mean that she may not have actually incurred attorney's fees by way of legal advice, consultation, research or assistance in the preparation and typing of her brief.")
The plaintiff, having failed to sustain the grounds for its appeal, the appeal is dismissed.
Carl J. Schuman Judge, Superior Court