******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ROSENTHAL LAW FIRM, LLC *v.* JAMES COHEN
## (AC 41028)

Lavine, Elgo and Bear, Js.

*Syllabus*

The plaintiff law firm sought to recover damages from the defendant, its former client, for breach of a retainer agreement for legal services in connection with a fee dispute with the defendant that had been resolved in the plaintiff's favor during arbitration proceedings. The plaintiff had filed an application to confirm the arbitration award with the trial court, which rendered judgment granting the application. Thereafter, this court affirmed the trial court's judgment, and our Supreme Court denied the defendant's petition for certification to appeal. R, the sole member of the plaintiff, represented the plaintiff throughout the arbitration proceedings and in the trial and appellate courts. The plaintiff subsequently brought the present action, claiming that the defendant, by refusing to pay for the legal services that it had rendered, had breached the parties' retainer agreement, pursuant to which the parties had agreed that if the defendant failed to pay the plaintiff its agreed on fee or expenses, he would be liable for all costs related to a collection action, including the plaintiff's attorney's fees and interest. The plaintiff claimed that it had incurred $59,600 in legal fees in connection with R's representation of it in the arbitration and related court proceedings. The trial court rendered judgment in favor of the defendant, concluding that the plaintiff was not entitled to recover attorney's fees under the retainer agreement because it had effectively represented itself throughout the subject proceedings. In reaching its decision, the court relied on *Jones* v. *Ippoliti* (52 Conn. App. 199), in which this court extended to self-represented attorney litigants the rule adopted in *Lev* v. *Lev* (10 Conn. App. 570) barring self-represented litigants generally from recovering attorney's fees. On appeal to this court, the plaintiff claimed that the trial court erred in concluding that the plaintiff, as a self-represented law firm, was precluded from recovering attorney's fees, which was based on its claim that because the portion of *Jones* on which the court relied was dictum, the court improperly treated it as binding precedent. *Held* that the trial court did not err in determining that the law barring self-represented nonattorney litigants from recovering statutory attorney's fees also precludes a self-represented law firm from recovering contractual attorney's fees; this court's conclusion in *Jones* that self-represented attorney litigants cannot recover attorney's fees constituted an alternative holding and not dictum, as that conclusion could not reasonably be characterized as a merely casual, passing comment made without analysis or due consideration of conflicting authorities, and it was clear that this court made a deliberate decision to resolve the issue and that it undeniably decided it, and this court declined the plaintiff's request to overrule the portion of *Jones* at issue, which the plaintiff claimed was based on a misinterpretation of *Lev*, as this court was not at liberty to do so because it is axiomatic that one panel of this court cannot overrule the precedent established by a previous panel's holding.

Argued January 2—officially released May 28, 2019

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Shapiro, J.*; judgment for the defendant, from which the plaintiff appealed to this court. *Affirmed.*

*Edward Rosenthal*, with whom, on the brief, was *Daniel J. Klau*, for the appellant (plaintiff).

*James D. Cohen*, self-represented, the appellee

(defendant).

*Opinion*

BEAR, J. This action between the plaintiff, Rosenthal Law Firm, LLC, and its former client, the defendant, James Cohen, arises out of a fee dispute that had been resolved in the plaintiff's favor during a prior arbitration proceeding. Following the confirmation of the arbitration award, the plaintiff commenced the present action seeking attorney's fees, pursuant to a contract between it and the defendant, for its prosecution of the fee dispute. After a trial to the court, the trial court rendered judgment in the defendant's favor, from which the plaintiff now appeals. The plaintiff claims on appeal that the court erred in concluding that it was not entitled to attorney's fees because it had represented itself, through its sole member, in the arbitration and award confirmation proceedings. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's claim. On December 1, 2011, the parties entered into an agreement for legal services (retainer agreement) whereby they agreed, in paragraph 12, that in the event the defendant failed to pay the plaintiff its agreed on fee or expenses, he would be liable for "all costs related to a collection action including [the plaintiff's] attorney's fees and interest at the annual rate of ten percent . . . ." On March 3, 2014, the plaintiff petitioned the legal fee resolution board of the Connecticut Bar Association (board) to resolve a fee dispute that had arisen between the parties. On December 24, 2014, a panel of three arbitrators found that the plaintiff was owed $109,683 in fees for its representation of the defendant. The plaintiff subsequently filed an application to confirm the arbitration award in the Superior Court, which the court, *Scholl, J.*, granted on March 17, 2015. The defendant appealed to this court, which affirmed the trial court's judgment confirming the arbitration award, and our Supreme Court denied the defendant's petition for certification to appeal. See *Rosenthal Law Firm, LLC* v. *Cohen*, 165 Conn. App. 467, 473, 139 A.3d 774, cert. denied, 322 Conn. 904, 138 A.3d 933 (2016). Attorney Edward Rosenthal, the sole member of the plaintiff, represented the plaintiff throughout the proceedings before the board and in the trial and appellate courts.

On April 1, 2016, the plaintiff commenced the present action alleging, inter alia, that the defendant breached the retainer agreement by failing and refusing to pay for the legal services it had rendered and that, as a result, it suffered damages in the form of "considerable time [spent] in collecting its fees from the defendant" in arbitration and the related court proceedings. As clarified in its trial brief, the plaintiff sought to recover the attorney's fees and interest prescribed by paragraph 12 of the retainer agreement. More specifically, the plaintiff claimed that it had incurred $59,600 in "legal

fees" in connection with the arbitration and related court proceedings, which reflected the time spent by Rosenthal on these matters.

On October 18, 2017, following a trial to the court, the trial court, *Shapiro, J.*, issued a memorandum of decision in which it concluded that the plaintiff was not entitled to recover attorney's fees under paragraph 12 of the retainer agreement because it had effectively represented itself throughout the proceedings at issue, and "[t]he law of this state is that pro se litigants are not entitled to attorney's fees." (Internal quotation marks omitted.) In so concluding, the trial court relied on *Jones* v. *Ippoliti*, 52 Conn. App. 199, 212, 727 A.2d 713 (1999), in which this court extended the rule adopted in *Lev* v. *Lev*, 10 Conn. App. 570, 575, 524 A.2d 674 (1987)—barring self-represented litigants generally from recovering attorney's fees—to self-represented *attorney* litigants. Accordingly, the trial court rendered judgment in favor of the defendant. This appeal followed.

The plaintiff's sole claim on appeal is that the trial court erred in determining that the law barring self-represented nonattorney litigants from recovering statutory attorney's fees also precludes a self-represented law firm from recovering contractual attorney's fees. The plaintiff argues that the portion of *Jones* relied on by the trial court is mere dictum. The plaintiff alternatively argues that we should overrule this portion of *Jones* because it is based on a "serious misinterpretation" of *Lev*.[1] We disagree that the statement in *Jones* concerning self-represented attorney litigants is dictum and decline the plaintiff's invitation to revisit the issue.

Preliminarily, we note that, because the plaintiff's appeal concerns the trial court's interpretation and application of the law to the undisputed facts of this case, our standard of review is plenary. See *Thompson* v. *Orcutt*, 257 Conn. 301, 308–309, 777 A.2d 670 (2001); *Steroco, Inc.* v. *Szymanski*, 166 Conn. App. 75, 87, 140 A.3d 1014 (2016). We now turn to an examination of this court's decision in *Jones*.

*Jones* involved an action by the partners of a law firm against former clients to collect unpaid fees for services previously rendered. *Jones* v. *Ippoliti*, supra, 52 Conn. App. 200 n.2, 203. The plaintiffs alleged, inter alia, failure to pay a promissory note, and they sought attorney's fees for the prosecution of the collection action pursuant to a provision in the note that provided for "any costs and expenses, including reasonable attorney's . . . fees incurred in the collection of [the note] or in any litigation or controversy arising from or connected with [the note]." (Internal quotation marks omitted.) Id., 202 n.5, 203. The trial court rendered judgment in favor of the plaintiffs on their complaint and awarded them attorney's fees pursuant to the promissory note for the services of their trial counsel, who had been

retained by the plaintiffs. Id., 203 and n.7, 208. The court, however, denied their claim for attorney's fees based on the services rendered by the attorneys and paralegals employed by the plaintiffs' law firm in assisting their trial counsel in the prosecution of the collection action. Id., 208.

On appeal, the plaintiffs in *Jones* claimed that they were entitled "to recover 'in-house' counsel fees for the services they performed to assist their trial counsel." Id. In support of this claim, "[t]he plaintiffs urge[d] [this court] to adopt what they claim[ed] to be a trend in other jurisdictions to award reasonable attorney's fees for both outside counsel, as well as in-house counsel, who participate in the prosecution of a claim in which attorney's fees can be awarded." (Footnote omitted.) Id. According to the plaintiffs, "an award to the successful litigant of reasonable attorney's fees for the services [the plaintiffs' law firm] provided [was] appropriate because the time devoted to this case was time not available for other work." Id., 210.

Citing a number of out-of-state cases in which courts denied an award of attorney's fees to attorney litigants appearing on their own behalf,[2] the defendants countered that, "if plaintiff-attorneys representing themselves are not entitled to an award of attorney's fees, then, a fortiori, plaintiff-attorneys who merely assist their trial counsel, for whose services they have received an award of attorney's fees, are not entitled to an award of attorney's fees for their own services." Id. The court deemed this distinction to be significant. Id.

The court in *Jones* began its analysis of the plaintiffs' claim by first considering "whether [the plaintiffs' law firm] and in-house counsel [were] synonymous." Id. The court determined that, "[b]y definition, the plaintiffs [were] not in-house counsel because they [were] not employees of a business whose function is to advise the business on day-to-day matters." Id., 211. The court therefore concluded that "the cases cited by the plaintiffs in support of their claim that the trial court should have awarded them attorney's fees for the services performed by [the plaintiffs' law firm were] factually distinguishable in that attorney's fees in those cases [had been] awarded for the work done by in-house counsel in businesses such as insurance companies." Id.[3]

The court next considered "whether [the plaintiffs' law firm had] functioned as an attorney in [the collection action]."[4] Id. "To begin with, [the court] note[d] that [the plaintiffs' law firm had] not enter[ed] an appearance on behalf of the plaintiffs" and that, accordingly, "it did not represent them in this action." Id., 211–12; see Practice Book § 3-7 (a) ("[e]xcept by leave of the judicial authority, no attorney shall be permitted to appear in court or to be heard on behalf of a party until the attorney's appearance has been entered"). The court further determined that "[e]ven if [it] were to

conclude otherwise, i.e., that [the plaintiffs' law firm had] represented the plaintiffs, such representation would have been of a pro se nature. The law of this state is that pro se litigants are not entitled to attorney's fees." *Jones* v. *Ippoliti*, supra, 52 Conn. 212, citing *Lev* v. *Lev*, supra, 10 Conn. App. 575. The court therefore held that "the plaintiffs [had] not [been] entitled to attorney's fees for the services provided by [the plaintiffs' law firm] and the trial court [had] properly denied the plaintiffs' request for them." Id.

The plaintiff in the present case appears to contend that, because the court in *Jones* determined that the plaintiffs had not been represented by their law firm, it was unnecessary for the court to consider whether the pro se nature of such representation would have precluded an award of attorney's fees pursuant to the general rule adopted in *Lev*. Thus, the plaintiff argues that this portion of *Jones* is dictum, and the trial court, therefore, erred in treating it as binding precedent. We disagree.

"[D]ictum is an observation or remark made by a judge in pronouncing an opinion upon a cause, concerning some rule, principle, or application of law, or the solution of a question suggested by the case at bar, but not necessarily involved in the case or essential to its determination . . . . Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case . . . are obiter dicta, and lack the force of an adjudication." (Internal quotation marks omitted.) *U.S. Bank, N.A.* v. *Morawska*, 165 Conn. App. 421, 427 n.4, 139 A.3d 747 (2016). The overwhelming weight of authority, however, recognizes a distinction between dicta and alternative holdings in an opinion. As the United States Supreme Court has explained, "where there are two grounds, upon either of which an appellate court may rest its decision, and it adopts both, the ruling on neither is obiter [dictum], but each is the judgment of the court, and of equal validity with the other." (Internal quotation marks omitted.) *United States* v. *Title Ins. & Trust Co.*, 265 U.S. 472, 486, 44 S. Ct. 621, 68 L. Ed. 1110 (1924).[5] Cf. *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 420–21, 35 A.3d 188 (2012) ("Once it becomes clear that the trial court lacked subject matter jurisdiction to hear the plaintiffs' complaint, any further discussion of the merits is pure dict[um]. . . . When the trial court concluded . . . that subject matter jurisdiction was missing, the remainder of its [ruling was] merely advisory . . . ." [Internal quotation marks omitted.]).

Although an alternative holding, by its very nature, is not strictly necessary to the disposition of the case, this does not render it dictum. On this point, we find the Utah Supreme Court's opinion in *State* v. *Robertson*, 438 P.3d 491 (Utah 2017), persuasive. "When we say

that a holding is binding only when it is necessary, we do not mean that the holding must be the singular basis for our ultimate decision. Courts often confront cases raising multiple issues that could be dispositive, yet they find it appropriate to resolve several, in order to avoid repetition of errors on remand or provide guidance for future cases. Or, [courts] will occasionally find it appropriate to offer alternative rationales for the results they reach. Were we to require that a holding must be necessary in some strict, logical sense before it becomes binding precedent, then every time we articulated alternative bases for a decision we would convert our opinion into dicta, for none of the alternative bases are strictly necessary for the outcome. . . . Instead, necessary means only that the court undeniably decided the issue, not that it was unavoidable for it [to] do so. . . .

"Of course, not every statement of law in every opinion is binding . . . . Where it is clear that a statement is made casually and without analysis, where the statement is uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the [court's] full attention, it may be appropriate to re-visit the issue in a later case. . . . Where, on the other hand, it is clear that a majority of the [court] has focused on the legal issue presented by the case before it and made a deliberate decision to resolve the issue, that ruling becomes the law . . . ." (Footnotes omitted; internal quotation marks omitted.) Id., 502–503, quoting *United States* v. *Johnson*, 256 F.3d 895, 914–16 (9th Cir. 2001).

We now turn to the statement at issue in the present case. In *Jones*, both parties had raised and discussed in their appellate briefs the question of whether self-represented attorneys may recover attorney's fees for the time spent litigating their own causes and had directed the court's attention to the conflicting authorities on the subject. See footnotes 2 and 4 of this opinion. The court intentionally took up and analyzed the issue and concluded that the general rule announced in *Lev* would bar the plaintiff attorneys in *Jones* from recovering attorney's fees. Although the court discussed the issue only briefly, there is nothing in its opinion or the record to suggest that its conclusion was less carefully reasoned than it might otherwise have been. In sum, the court's conclusion cannot reasonably be characterized as a merely casual, passing comment made without analysis or due consideration of conflicting authorities. It is clear that the court made a deliberate decision to resolve this issue and that it undeniably decided it. Accordingly, the court's conclusion that self-represented attorney litigants cannot recover attorney's fees constitutes an alternative holding, not dictum.

We, therefore, disagree with the plaintiff that the trial court in the present case improperly treated this portion

of *Jones* as binding precedent. Furthermore, although the plaintiff requests, in the alternative, that this panel revisit such precedent, we are not at liberty to do so.[6] See *In re Zoey H.*, 183 Conn. App. 327, 340 n.5, 192 A.3d 522 ("[I]t is axiomatic that one panel of this court cannot overrule the precedent established by a previous panel's holding. . . . This court often has stated that this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel. The reversal may be accomplished only if the appeal is heard en banc." [Internal quotation marks omitted.]), cert. denied, 330 Conn. 906, 192 A.3d 426 (2018).[7]

The plaintiff does not otherwise challenge the application of *Jones* to the present case, and, therefore, we need not address the propriety of the trial court's characterization of the plaintiff law firm—a legal entity distinct from Rosenthal—as a self-represented party. Indeed, when asked during oral argument before this court whether the plaintiff's status as a limited liability company affects the analysis of the issue raised in this appeal, Rosenthal replied, "I don't think so." Similarly, we need not determine whether the plaintiff's status as a *law firm* litigant renders this case materially distinguishable from *Jones*, which involved *attorney* litigants. We note, however, that among the courts that have considered these issues in jurisdictions in which self-represented attorney litigants are barred from recovering attorney's fees, the majority agree that there is no meaningful distinction between solo practitioners who represent themselves and law firms that are represented by their own attorneys.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff also appears to argue that it is entitled to attorney's fees under the plain language of paragraph 12 of the retainer agreement. The plaintiff's discussion of this issue, however, is limited to a single conclusory statement in its appellate brief without any citation to authority. Accordingly, to the extent the plaintiff claims that the contract language is dispositive of this appeal, we conclude that such claim is inadequately briefed and, therefore, decline to review it. See *Estate of Rock* v. *University of Connecticut*, 323 Conn. 26, 33, 144 A.3d 420 (2016) ("Claims are inadequately briefed when they are merely mentioned and not briefed beyond a bare assertion. . . . Claims are also inadequately briefed when they . . . consist of conclusory assertions . . . with no mention of relevant authority and minimal or no citations from the record . . . ." [Internal quotation marks omitted.]).

[2] See *Connor* v. *Cal-Az Properties, Inc.*, 137 Ariz. 53, 55–56, 668 P.2d 896 (App. 1983); *O'Connell* v. *Zimmerman*, 157 Cal. App. 2d 330, 336–37, 321 P.2d 161 (1958); *Sessions, Fishman, Rosenson, Boisfontaine & Nathan* v. *Taddonio*, 490 So. 2d 526, 527 (La. App. 1986).

[3] The court left for another day the issue of whether, in the appropriate circumstances, a plaintiff may be entitled to attorney's fees for the services that in-house counsel provides to outside counsel during the course of litigation. *Jones* v. *Ippoliti*, supra, 52 Conn. App. 211 n.17.

[4] It would appear at first blush that the court's determination in *Jones* that the plaintiffs did not constitute "in-house counsel" entirely disposed of the plaintiffs' claim on appeal. A review of the plaintiffs' principal appellate brief, however, reveals that they had argued more generally that they should have been awarded attorney's fees for the reasonable value of their time because "[t]here is no meaningful distinction between the time spent by [outside counsel] and the time spent by attorneys and paralegals at [the plaintiffs' law firm]." In support of this argument, the plaintiffs cited to a

number of decisions from other jurisdictions holding that self-represented attorney litigants and law firm litigants represented by their own attorneys may recover attorney's fees. See, e.g., *Winer* v. *Jonal Corp.*, 169 Mont. 247, 251, 545 P.2d 1094 (1976); *Hinkle, Cox, Eaton, Coffield & Hensley* v. *Cadle Co. of Ohio, Inc.*, 115 N.M. 152, 158, 848 P.2d 1079 (1993). Consequently, the court's conclusion in *Jones* that the plaintiffs were not in-house counsel did not fully dispose of the appeal.

⁵ See, e.g., *Boogaard* v. *National Hockey League*, 891 F.3d 289, 295 (7th Cir. 2008) ("[i]t is blackletter law that where a decision rests on two or more grounds, none can be relegated to the category of obiter dictum" [internal quotation marks omitted]), cert. denied,  U.S.  , 139 S. Ct. 601, 202 L. Ed. 2d 430 (2018); *Gestamp South Carolina, L.L.C.* v. *National Labor Relations Board*, 769 F.3d 254, 263 n.4 (4th Cir. 2014) ("alternative holdings are not dicta"); *Pyett* v. *Pennsylvania Building Co.*, 498 F.3d 88, 93 (2d Cir. 2007) ("[a]n alternative conclusion in an earlier case that is directly relevant to a later case is not dicta; it is an entirely appropriate basis for a holding in the later case"), rev'd on other grounds, 556 U.S. 247, 129 S. Ct. 1456, 173 L. Ed. 2d 398 (2009); *Sturdivant* v. *State*, 84 So. 3d 1053, 1060 (Fla. App. 2010) ("A ruling in a case fully considered and decided by an appellate court is not dictum merely because it was not necessary, on account of one conclusion reached upon one question, to consider another question the decision of which would have controlled the judgment. Two or more questions properly arising in a case under the pleadings and proof may be determined, even though either one would dispose of the entire case upon its merits, and neither holding is a dictum, so long as it is properly raised, considered, and determined." [Internal quotation marks omitted.]); *QOS Networks Ltd.* v. *Warburg, Pincus & Co.*, 294 Ga. App. 528, 532–33, 669 S.E.2d 536 (2008) ("A ruling is not dictum merely because the disposition of the case is or might have been made on some other ground. Where a case presents two or more points, any one of which is sufficient to determine the ultimate issue, but the court actually decides all such points, the case is an authoritative precedent as to every point decided, and none of such points can be regarded as having merely the status of a dictum." [Internal quotation marks omitted.]).

⁶ The plaintiff also appears to contend that *Jones* is inapplicable to the present case because the present case involves a claim for contractual, rather than statutory, attorney's fees. In addition to being inadequately briefed, this claim clearly lacks merit given that the plaintiffs in *Jones* had likewise sought attorney's fees pursuant to a contractual provision. See *Jones* v. *Ippoliti*, supra, 52 Conn. App. 202 n.5.

⁷ Moreover, the plaintiff has not presented to this court any persuasive reason for revisiting *Jones*.

⁸ See, e.g., *Munger Chadwick, P.L.C.* v. *Farwest Development & Construction of the Southwest, LLC*, 235 Ariz. 125, 128, 329 P.3d 229 (App. 2014) ("We . . . can find no logical reason to draw any distinction between a law firm that represents itself and a sole practitioner that does so. . . . In applying the rule [against awarding attorney's fees to self-represented attorneys], our courts have expressed a core concern that all parties to litigation be treated equally in their ability to secure compensation for attorney fees. . . . This court has specifically reasoned that an attorney ought not be entitled to compensation for her time in representing herself when a lay person would not be able to do so. . . . We likewise conclude it would be inequitable for a law firm to be able to obtain its fees through an arrangement that amounts to self-representation when a sole practitioner would be unable to do so." [Citations omitted.]); *Witte* v. *Kaufman*, 141 Cal. App. 4th 1201, 1211, 46 Cal. Rptr. 3d 845 (2006) (Court held that prevailing law firm litigant was not entitled to attorney's fees where it was represented by its own members; "[t]he attorneys of [the firm] are the law firm's product. When they represent the law firm, they are representing their own interests. As such, they are comparable to a sole practitioner representing himself or herself."); *Swanson & Setzke, Chtd.* v. *Henning*, 116 Idaho 199, 203 n.3, 774 P.2d 909 (App. 1989) ("When a rule of law is enunciated on whether pro se lawyer litigants are entitled to attorney fee awards, that rule should be applied consistently. It should not turn on distinctions among proprietorships, partnerships, corporations or other modes of law practice."); *State ex rel. Schad, Diamond & Shedden, P.C.* v. *My Pillow, Inc.*, 115 N.E.3d 923, 930–31 (Ill. 2018) (holding that, "[t]o the extent that [the plaintiff law firm] prosecuted its own claim using its own lawyers, the law firm was proceeding pro se," and, therefore, "the same considerations were at work here as with any other pro se litigant, and Illinois's long-standing bar against awards of

attorney fees to lawyers who represent themselves was fully applicable"); *Fraser Trebilcock Davis & Dunlap PC* v. *Boyce Trust 2350*, 497 Mich. 265, 275–76, 870 N.W.2d 494 (2015) (holding that plaintiff law firm that used its own member lawyers to litigate firm's interests could not recover attorney's fees; "while we acknowledge that [the plaintiff] is a legally distinct corporate entity, we do not find that status sufficient to distinguish the representation it provided to itself through its member lawyers from the self-representation [of an individual attorney litigant], such that [the plaintiff] may recover a reasonable attorney fee" [internal quotation marks omitted]).

———————————————