******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GABRIELLE CERUZZI HEALEY ET AL. *v.*
CHARLES MANTELL ET AL.
(AC 44878)

Bright, C. J., and Prescott and Moll, Js.

*Syllabus*

The defendants, coexecutors of the decedent's will and cotrustees of all
trusts created under the will, appealed from the judgment of the trial
court rendered in their favor. The decedent left a will leaving the majority
of his estate to a marital trust for his surviving spouse, with the residuary
estate passing to a trust (residual trust) for the benefit of the plaintiffs,
the decedent's two children. The residual trust was to be divided equally
between two trusts, one for the benefit of each child. The terms of the
separate trusts provided for mandatory distributions of trust principal
when the primary beneficiary reached specific ages. The plaintiffs
alleged in their complaint that the defendants had improperly failed to
fund the residual trust and to pay the required distributions pursuant
to the trust terms and, in so doing, had breached their fiduciary duty
to the plaintiffs as beneficiaries of the estate and of the residual trust,
committed legal malpractice, and engaged in negligent misrepresenta-
tion. The trial court granted the defendants' motion to dismiss the com-
plaint in its entirety, finding that, although the plaintiffs as beneficiaries
of the residual trust had standing to sue the defendants in their capacities
as both coexecutors and cotrustees, the court lacked subject matter
jurisdiction over the first and third claims because administration of
the estate was not yet completed and, therefore, such claims were not
ripe for adjudication, and the second claim, sounding in legal malprac-
tice, failed because the plaintiffs were neither clients of the named
defendant or his law firm nor intended third-party beneficiaries of such
defendants' legal services. On appeal, the defendants argued that they
were aggrieved by the trial court's determination that the plaintiffs had
standing as beneficiaries of the residual trust to bring claims against
the defendants for their actions as coexecutors of the estate and that
the defendants could be collaterally estopped in a subsequent proceeding
from challenging the plaintiffs' standing to sue the defendants as coexec-
utors. *Held* that this court did not have subject matter jurisdiction over
the appeal because the defendants were not aggrieved by the trial court's
decision; in the present case, the defendants were granted the exact
relief they sought—dismissal of the action in its entirety—and, because
the trial court's determination regarding the plaintiffs' standing to bring
counts one and three was dictum, it therefore could not have any preclu-
sive effect in a later proceeding.

Argued October 3—officially released November 15, 2022

*Procedural History*

Action to recover damages for, inter alia, the defen-
dants' alleged breach of fiduciary duty, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Fairfield, and transferred to the judicial district
of Waterbury, Complex Litigation Docket, where the
court, *Bellis, J.*, granted the defendants' motion to dis-
miss and rendered judgment thereon, from which the
plaintiffs appealed to this court. *Appeal dismissed.*

*Damian K. Gunningsmith*, with whom, were *Frank
J. Silvestri, Jr.*, and, on the brief, *John Horvack, Jr.*,
*Matthew R. Peterson*, and *Kristen G. Rossetti*, for the
appellants (named defendant et al.).

*Neal L. Moskow*, with whom, was *Deborah M. Gar-
skof*, for the appellees (plaintiffs).

*Opinion*

PRESCOTT, J. This appeal arises out of an action brought by the plaintiffs, Gabrielle Ceruzzi Healey and James Ceruzzi, against the defendants Charles Mantell and David Novicki for claims originating out of the defendants' administration of the estate of Louis L. Ceruzzi, Jr. (decedent), the plaintiffs' father.[1] The defendants were the coexecutors of the will and the cotrustees of trusts created by the will, and the plaintiffs were beneficiaries of one of these trusts.

The defendants appeal from the trial court's judgment granting their motion to dismiss the plaintiffs' action in its entirety. The defendants do not challenge the judgment of dismissal itself[2] but, rather, they claim that, although the court properly granted their motion to dismiss, they nevertheless are aggrieved by certain additional determinations the court made that, although not necessary to the court's decision, could have a preclusive effect in a subsequent proceeding between the parties. Specifically, the defendants claim that the court improperly concluded that the plaintiffs had standing, as beneficiaries, to sue the defendants for their actions as coexecutors of the estate.[3] We conclude that, because the court ultimately concluded that it lacked subject matter jurisdiction over the entire action because counts one and three were not ripe and the plaintiffs lacked standing to bring count two, its determination regarding standing to bring counts one and three was not essential to the court's decision and is dictum. Consequently, because the determination regarding standing is dictum and cannot have a preclusive effect in subsequent proceedings between the parties, the defendants are not aggrieved. Accordingly, we dismiss the appeal.

The record reveals the following relevant facts and procedural history. The decedent died testate on August 31, 2017. On September 11, 2017, the decedent's will was admitted to the Fairfield Probate Court and the defendants were appointed as the will's coexecutors. The will, inter alia, created two trusts, a marital deduction terminable interest trust (marital trust) and a residual trust for the benefit of the plaintiffs, the decedent's children (residual trust). Novicki and David Mack, a friend of the decedent, were named in the will as the cotrustees of all trusts created by the will. Mack declined to serve as a trustee, however, and Novicki appointed Mantell as cotrustee in Mack's place.

As provided in the will, the intended corpus of the residual trust was the residue of the decedent's estate, including all real, personal, and mixed property. After all expenses incident to the administration of the residual trust were deducted, the corpus of the residual trust was to be divided equally among the decedent's then living children and placed in separate trusts, one for

the benefit of each child.[4]

On January 18, 2021, the plaintiffs commenced the underlying action, asserting that the defendants had improperly declined to fund the residual trust and pay the required distributions. The complaint contained three counts. Count one alleged that the defendants breached their fiduciary duties as coexecutors and cotrustees. Count two alleged that Mantell and the law firm committed legal malpractice. Count three alleged that Mantell engaged in negligent misrepresentation.

According to the complaint, the residue of the decedent's estate totaled $5.2 million at the time of the decedent's death. According to the distribution schedule set forth in the will, each plaintiff was entitled to an equal one-half share of the total corpus of the residual trust. Each plaintiff's $2.6 million share of the principal was to be invested, reinvested, and held in a separate trust for such plaintiff's benefit.

On the basis of their respective ages, the plaintiffs claimed that they were entitled to certain mandatory distributions of a percentage of their separate trust's principal. Specifically, Healey, who was thirty-seven at the time her father died, claimed that, per the distribution schedule set forth in the will, she was entitled to a distribution of the full amount of her trust's principal or $2.6 million. Ceruzzi, who was twenty-five at the time of the decedent's death, claimed that he was entitled to one quarter of his trust's principal or $650,000. Despite a claimed entitlement to distributions in these amounts, Healey received a distribution in the amount of only $50,000 from the defendants and Ceruzzi received no distribution.

The complaint further alleged that, although Mantell had made prior assurances that the plaintiffs would receive their distributions from the residual trust, the defendants failed to create and fund the residual trust and distribute its principal. On July 30, 2019, the defendants informed the plaintiffs that they would not be making any further distributions from the estate.[5] The defendants explained that no distributions could be made because of contractual agreements with lenders that the defendants had entered into as a part of their efforts to continue the decedent's business operations.[6] The defendants' efforts to continue to carry out the decedent's business operations, an action that allegedly was not required by the will, resulted in the estate becoming illiquid. After the estate became illiquid, it was no longer able to fund the residual trust or pay the residual trust's mandated distributions.[7]

In response to the plaintiffs' complaint, the defendants moved to dismiss the action in its entirety and filed a memorandum in support of the motion along with supporting exhibits. The motion to dismiss raised three jurisdictional defects. First, the defendants

alleged that the plaintiffs, as beneficiaries of the residual trust, lacked standing to sue the defendants because only trustees have standing to pursue damages on behalf of a trust. Second, the defendants alleged that the plaintiffs' claims were not ripe because the administration of the estate was not complete. Third, the defendants alleged that, in regard to the second count sounding in legal malpractice, the plaintiffs lacked standing because they were neither clients of the law firm or Mantell, nor intended third-party beneficiaries of their legal services.

The plaintiffs subsequently filed an objection to the motion to dismiss with supporting exhibits. In opposing the defendants' motion to dismiss, the plaintiffs responded to each of the defendants' jurisdictional challenges in turn. The plaintiffs first argued that, because the defendants acted in bad faith in their administration of the estate by prioritizing their own interests over the beneficiaries' best interests, the plaintiffs had standing as beneficiaries of the residual trust to sue the defendants for breaching their fiduciary duties as coexecutors and cotrustees. The plaintiffs next argued that their claims were ripe because the plaintiffs' injury was clear, and the amount due to the plaintiffs was "known and within the coexecutors' ability to be satisfied." Finally, the plaintiffs argued that they had an attorney-client relationship with Mantell and the law firm because of representations made to the plaintiffs that Mantell was their attorney. Alternatively, the plaintiffs argued that they were third-party beneficiaries of the legal services provided by Mantell and the law firm.

On June 14, 2021, the court heard oral argument on the defendants' motion to dismiss. On July 16, 2021, the court issued a memorandum of decision that granted the defendants' motion and dismissed all three counts brought by the plaintiffs. In dismissing the second count, the court held that the plaintiffs lacked standing to allege legal malpractice because the plaintiffs did not allege in the complaint that they were clients of Mantell, nor did the allegations in the complaint support any inference that they were intended third-party beneficiaries of Mantell's or the law firm's legal services. In dismissing counts one and three, the court held that those counts were not ripe for adjudication because the decedent's estate was still being probated and therefore the plaintiffs had yet to experience any injury. For these reasons, the court granted the motion to dismiss in its entirety.

Despite the court's finding that it did not have jurisdiction over the plaintiffs' claims because they were not justiciable, it nevertheless concluded that the plaintiffs had standing as beneficiaries of the residual trust to bring the first and third counts of the complaint. The court first determined that the allegations in the plaintiffs' complaint properly asserted causes of action aris-

ing out of the defendants' conduct both as coexecutors and as cotrustees. Thus, in order to establish that the plaintiffs lacked standing to bring the first and third counts of the complaint, the plaintiffs would need to lack standing as beneficiaries of the residual trust to sue the defendants for their actions as both coexecutors and cotrustees. The court found that the plaintiffs had standing as beneficiaries of the residual trust to bring their claims against the defendants in their capacity as coexecutors. Specifically, the court noted that the plaintiffs' complaint alleged sufficient facts to support that the defendants acted in bad faith and, consequently, the plaintiffs' claim fell within an exception to the general rule that beneficiaries lack standing to sue on behalf of the estate. The court also found that the plaintiffs had standing as beneficiaries to bring claims against the defendants in their role as cotrustees. The court found that the plaintiffs alleged sufficient facts to support that the plaintiffs had standing, as the residual trust's beneficiaries, to sue the defendants for a breach of trust.

Following the court's ruling, the defendants appealed. On appeal, the defendants challenge the court's determination with respect to counts one and three that the plaintiffs had standing as trust beneficiaries to sue the defendants in their capacity as coexecutors of the estate despite the plaintiffs' status as beneficiaries of the will.[8] The plaintiffs have not cross appealed and do not challenge the court's rulings that they lacked standing to bring the second count and that the claims asserted in the first and third counts were not ripe for adjudication.

Thereafter, the plaintiffs filed a motion to dismiss the appeal, arguing that the defendants were not aggrieved by the judgment and, thus, lacked standing to appeal. This court denied the motion to dismiss the appeal, without prejudice, and ordered the parties to address, along with the merits of the appeal, "(1) whether the aggrievement issue in this appeal is justiciable by the Appellate Court; [and] (2) whether the [defendants] have standing to appeal when they claim to be aggrieved by the 'collateral estoppel effect' of the trial court's judgment . . . ."

In their principal brief, the defendants argue that this court has jurisdiction over the appeal because they were aggrieved by the trial court's determination that the plaintiffs had standing as beneficiaries of the residual trust to bring claims against the defendants for their actions as the coexecutors of the estate. Specifically, the defendants argue that they could be collaterally estopped in a subsequent proceeding from challenging the plaintiffs' standing to sue the defendants. The defendants further argue that the court improperly concluded that the plaintiffs had standing as beneficiaries of the residual trust to sue them for their actions as coexecutors of the will. The plaintiffs argue in their principal

brief that this court lacked subject matter jurisdiction over the appeal because the defendants were not aggrieved by the judgment of the court, which granted them the very relief they sought in their motion to dismiss. Alternatively, the plaintiffs argue that the court properly concluded that the plaintiffs had standing as beneficiaries of the residual trust to bring the first and third counts of the complaint.

Because it implicates the jurisdiction of this court to hear the appeal, we first consider whether the defendants were aggrieved by the court's determination that the plaintiffs had standing as trust beneficiaries to sue the defendants for their conduct as coexecutors of the estate, despite the court ultimately holding that it lacked subject matter jurisdiction over the plaintiffs' complaint in its entirety. We conclude that, because the court's determination regarding the plaintiffs' standing to bring counts one and three was dictum and thus could not have any preclusive effect in a later proceeding, the defendants are not aggrieved.

We begin by setting forth the well established legal principles. "Aggrievement, in essence, is appellate standing. . . . It is axiomatic that aggrievement is a basic requirement of standing, just as standing is a fundamental requirement of jurisdiction. . . . There are two general types of aggrievement, namely, classical and statutory; either type will establish standing, and each has its own unique features. . . . The test for determining [classical] aggrievement encompasses a well settled twofold determination: first, the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest shared by the community as a whole; second, the party claiming aggrievement must establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citations omitted; internal quotation marks omitted.) *In re Ava W.*, 336 Conn. 545, 554–55, 248 A.3d 675 (2020); see also General Statutes § 52-263 (establishing as prerequisite to party filing appeal that "party is aggrieved by the decision of the court or judge upon any question or questions of law").

"Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *Avon* v. *Freedom of Information Commission*, 210 Conn. App. 225, 235, 269 A.3d 852 (2022). "Ordinarily, a party that prevails in the trial court is not aggrieved. . . . Moreover, [a] party cannot be aggrieved by a decision that grants the very relief sought. . . . Such a party cannot establish that a specific personal and legal interest has been specially and injuriously affected by the decision." (Citations omitted; internal quotation marks omitted.) *Seymour* v. *Seymour*, 262 Conn. 107, 110–11, 809 A.2d

1114 (2002).

Nevertheless, even if a party prevails in the trial court, if there has been an adverse ruling in the course of the proceeding that may aggrieve the party, the party may appeal. *Equitable Life Assurance Society of the United States* v. *Slade*, 122 Conn. 451, 465, 190 A. 616 (1937). For example, "[a] prevailing party . . . can be aggrieved . . . if the relief awarded to that party falls short of the relief sought." (Internal quotation marks omitted.) *In re Allison G.*, 276 Conn. 146, 158, 883 A.2d 1226 (2005). "[M]oreover . . . impairment of an agency's ability to carry out its responsibilities constitutes aggrievement for purposes of appeal [even when the agency prevailed in a lower court]." *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 265, 777 A.2d 645 (2001). Finally, "should actual prejudice be likely to occur from an adverse finding in . . . a case, despite obtaining the full measure of relief, there is case law recognizing that such consequences may give rise to sufficient grounds to establish aggrievement." *In re Allison G.*, supra, 163; see also E. Prescott, Connecticut Appellate Practice & Procedure (7th Ed. 2021) § 2-2:1.3, p. 68 ("[i]njury by way of legal preclusion under the doctrines of res judicata and collateral estoppel may be sufficient to establish aggrievement").

A party is not aggrieved by a court's statements that are considered dicta. "Dicta are [o]pinions of a [court] [that] do not embody the resolution or determination of the specific case before the court [and] [e]xpressions in [the] court's opinion [that] go beyond the facts before [the] court . . . and [are] not binding in subsequent cases as legal precedent." (Internal quotation marks omitted.) *Honulik* v. *Greenwich*, 293 Conn. 641, 645 n.5, 980 A.2d 845 (2009). "If an issue has been determined, but the judgment is not dependent upon the determination of the issue, *the parties may relitigate the issue in a subsequent action.* . . . Thus, statements by a court regarding a nonessential issue are treated as merely dicta." (Citations omitted; emphasis added; internal quotation marks omitted.) *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 260–61, 773 A.2d 300 (2001). "Dictum includes those discussions that are merely passing commentary . . . those that go beyond the facts at issue . . . and those that are unnecessary to the holding in the case. . . . [I]t is not dictum [however] [if] a court . . . intentionally takes up, discusses, and decides a question *germane to*, though not necessarily decisive of, the controversy. . . . Rather, such action constitutes an act of the court [that] it will thereafter recognize as a binding decision." (Emphasis added; internal quotation marks omitted.) *Cruz* v. *Montanez*, 294 Conn. 357, 376–77, 984 A.2d 705 (2009).

In the present case, the defendants are not aggrieved

by the court's determination regarding standing to bring the claims in counts one and three because their personal and legal interests have not been affected. First, the defendants were granted the exact relief they sought, dismissal of the action in its entirety. See *Seymour* v. *Seymour*, supra, 262 Conn. 111 ("[a] party cannot be aggrieved by a decision that grants the very relief sought" (internal quotation marks omitted)). The defendants provided two alternative theories for why the court lacked subject matter jurisdiction over the first and third counts of the complaint. The court did not agree with the defendants' argument that the plaintiffs lacked standing to bring the first and third counts. The court did, however, dismiss counts one and three for a lack of subject matter jurisdiction under the defendants' second theory—that those counts were not ripe. *Jones* v. *Redding*, 296 Conn. 352, 366, 995 A.2d 51 (2010) ("a litigant has no right to appeal a judgment in his or her favor merely for the purpose of having the judgment based on a different legal ground than that relied upon by the trial court" (internal quotation marks omitted)). The court also dismissed the second count for a lack of standing because the plaintiffs were not third-party beneficiaries of Mantell's or the law firm's legal services. Because the complaint was dismissed in its entirety, the defendants were awarded the full relief they sought in the trial court.

Second, although we have recognized that there may be some instances in which a prevailing party may be aggrieved for purposes of appeal, this case does not fall within the exception on which the defendants rely. The defendants argue on appeal that they are aggrieved by the court's determination that the plaintiffs had standing as beneficiaries to bring counts one and three of the complaint. Specifically, the defendants argue that they are aggrieved because they could be collaterally estopped from challenging the plaintiffs' standing to sue the defendants for their actions as coexecutors in a subsequent proceeding. We conclude that the court's findings regarding the plaintiffs' standing to bring the first and third counts of the complaint are dicta, and, therefore, we are not persuaded that the defendants are aggrieved by the court's nonbinding conclusions.

Because current Connecticut law does not require that a court address alleged jurisdictional defects in any particular order, the statements that the court made regarding the plaintiffs' standing to bring counts one and three were not necessary prior to the court reaching the conclusion that those claims were not ripe and, thus, those statements were merely dicta and are not binding.[9] See *Peterson* v. *iCare Management, LLC*, 203 Conn. App. 777, 793–94, 250 A.3d 720 (2021) (statements that are not essential to court's conclusion are dicta); see also *Avon* v. *Freedom of Information Commission*, supra, 210 Conn. App. 237 (determination of issue was not binding if court's judgment was not dependent on

determination of that issue). Accordingly, the court's dicta regarding the plaintiffs' standing cannot have a preclusive effect in a later proceeding. See *Farmington Valley Recreational Park, Inc.* v. *Farmington Show Grounds, LLC*, 146 Conn. App. 580, 589, 79 A.3d 95 (2013) (parties were not collaterally estopped from relitigating issue that was determined in mere dicta). Once the court had concluded that it lacked subject matter jurisdiction over the plaintiffs' claims in counts one and three because the issues were not ripe for adjudication, the court need not have considered the plaintiffs' standing with respect to those claims.[10] See, e.g., *American Tax Funding, LLC* v. *Design Land Developers of Newtown, Inc.*, 200 Conn. App. 837, 848–49 n.13, 240 A.3d 678 (2020) ("[i]n light of our determination that the appeal must be dismissed for lack of jurisdiction due to mootness, we need not address the standing issue raised . . . which would provide an independent basis for the determination regarding jurisdiction"); see also *Carraway* v. *Commissioner of Correction*, 317 Conn. 594, 602 n.10, 119 A.3d 1153 (2015) ("We recognize that the mootness doctrine is implicated in this appeal and likely provides an independent basis for our subject matter jurisdiction determination. Because we decide the case on the basis of aggrievement, however, we need not reach the mootness issue.").

Because the court's conclusion that the plaintiffs had standing as beneficiaries of the residual trust was merely dictum and, thus, cannot have a preclusive effect in a later proceeding; see *Farmington Valley Recreational Park, Inc.* v. *Farmington Show Grounds, LLC*, supra, 146 Conn. App. 588–89; the defendants are not aggrieved for purposes of appeal. See *Avon* v. *Freedom of Information Commission*, supra, 210 Conn. App. 237–38 (holding that defendant was not aggrieved for purposes of appeal because court's decision on nondeterminative matter was merely dictum). Therefore, this court lacks subject matter jurisdiction over the defendants' appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Weiner, Mantell & Fornes, P.C. (law firm) additionally was named as a defendant but is not participating in the present appeal. All references in this opinion to the defendants are to Mantell and Novicki only.

[2] The defendants do not challenge the court's dismissal of counts one and three for a lack of ripeness and also do not challenge the court's dismissal of count two for a lack of standing.

[3] The defendants' principal brief does not specify which counts are implicated in their challenge of the court's conclusion that the plaintiffs had standing, as trust beneficiaries, to sue the defendants for their actions as coexecutors of the estate. Rather, the defendant's brief discusses the matter generally stating that, "the plaintiffs, as beneficiaries of the residuary trust, failed to meet their burden of establishing that they have standing to pursue their claims on behalf of or arising under the residuary trust against Mantell and Novicki as the coexecutors of the estate and this court should reverse the trial court's decision to the contrary." Although the defendants do not specify whether they challenge this determination as it pertains to count one, three, or both, we interpret their claim as challenging the court's determination that the plaintiffs had standing, as beneficiaries, to sue the defen-

dants for their actions as coexecutors of the estate as it pertains to both counts one and three. Count one, alleging breach of fiduciary duty by Mantell and Novicki, and count three, alleging negligent misrepresentation by Mantell, both require the plaintiffs to have standing as beneficiaries to challenge the actions taken by the coexecutors of the estate.

[4] The will directed the trustees to distribute the property of each child's trust as follows: "(a) During the term of the trust, my Trustees shall distribute so much of the income as they shall determine to be advisable to or for the benefit of said child and said child's descendants living from time to time for their maintenance, education, and support. My Trustees shall consider foremost the needs of said child and shall consult said child in making such distributions; PROVIDED, HOWEVER, that my Trustees shall not be bound to follow the advice of said child in making such distributions. Any income not so distributed shall be accumulated and added to principal; (b) Upon said child's attaining the age of twenty-five (25) years, my Trustees shall pay over to said child one-fourth (1/4) of the then remaining principal of said trust; (c) Upon said child's attaining the age of thirty (30) years, my Trustees shall pay over to said child one-third (1/3) of the then remaining principal of said trust; (d) Upon said child's attaining the age of thirty-five (35) years, my Trustees shall pay over to said child the principal then remaining, absolutely; (e) PROVIDED, HOWEVER, that should the trust for such child be established after an age when said child is entitled to a mandatory payment of any of the principal of said trust, the payment of principal hereinabove provided at such age shall be made immediately, as if said trust had been established prior to said time; (f) PROVIDED FURTHER, HOWEVER, that my Trustees, other than said child if said child shall be so acting as a Trustee, shall have the power in their sole, absolute, and uncontrolled discretion to distribute the principal of said trust to said child from time to time, even to the extent of terminating said trust, if my said Trustees determine such distribution or termination to be in the best interests of said child, but nothing herein contained shall entitle said child to require such distribution or termination; (g) PROVIDED FURTHER, HOWEVER, that should such child die before receiving full distribution from said trust, then I give, devise, and bequeath the remaining principal and undistributed income of said trust fund to those of my descendants as said child shall appoint in said child's Last Will and Testament, either outright or in trust; but if said child shall not so appoint, the remaining principal and undistributed income shall pass to the descendants then living of said child, _per stirpes_, absolutely; and in default of such descendants then living of such child, to my descendants then living, _per stirpes_, absolutely. In the event none of my descendants is then living, the remaining principal and undistributed income [of] my residue shall pass to my spouse, TERESE M. CERUZZI, if she is then living, but if she is not then living, the same shall pass to my then living siblings, in equal shares, _per stirpes_; (h) PROVIDED FURTHER, HOWEVER, that in case a portion of my estate is then being held in trust for the benefit of any of my children or descendants, said beneficiary's share under the immediately preceding Subparagraph shall be added to the principal of such trust instead of its being paid to said beneficiary absolutely." (Emphasis in original.)

[5] On March 25, 2019, Mantell emailed Healey: "Our plan is to make a distribution to you before the end of 2019 of $2,600,000." Several months later, Mantell's intentions changed. In an email on July 30, 2019, Mantell stated that, "[a]s to the distributions of the residue to [Healey] and [Ceruzzi], we have also agreed with [our lenders] to not make any distributions from the estate property. In addition to these direct restrictions, we have liquidity covenants with [our lenders] which prevent us from making these distributions." The record is unclear as to the justification for the $50,000 that was distributed to Healey.

[6] The defendants allegedly were unable to make distributions due to their failure to secure language within the lender agreements entered into on behalf of the estate that would have enabled the estate to make distributions from the residual trust. Instead, such distributions were prohibited by the lender agreements.

[7] The defendants failed to create and fund the residual trust prior to the estate becoming illiquid. The estate's illiquidity was the result of several business decisions the defendants made. Specifically, the defendants used nearly $7 million of the estate's assets to purchase insurance policies. On behalf of the estate, the defendants also took on significant obligations through their transactions with lenders.

[8] The defendants' principal brief states: "The trial court erred in concluding

that the plaintiffs have standing to sue [the defendants] as the coexecutors of the estate for claims brought on behalf of the residuary trust." The defendants do not challenge on appeal the court's conclusion that the plaintiffs had standing to sue the defendants as cotrustees of the residual trust.

[9] Furthermore, the court's conclusion regarding the plaintiffs' standing to bring counts one and three was not an alternative holding. See *United States* v. *Title Ins. & Trust Co.*, 265 U.S. 472, 486, 44 S. Ct. 621, 68 L. Ed. 1110 (1924) ("where there are two grounds, upon either of which [a court] may rest its decision, and it adopts both, 'the ruling on neither is obiter [dictum], but each is the judgment of the court, and of equal validity with the other' "); see also *Rosenthal Law Firm, LLC* v. *Cohen*, 190 Conn. App. 284, 291–93, 210 A.3d 579 (2019) (contrasting nonbinding dicta with alternative holdings that may be binding authority). The court's determination that the plaintiffs possessed standing was not an alternative ground upon which the court was able to rest its decision to dismiss counts one and three because it was a determination that militated in favor of jurisdiction and thus was in contradiction to the court's conclusion that it lacked subject matter jurisdiction over the action. Thus, the court's conclusion was neither necessary to the ultimate conclusion nor an alternative holding and, thus, was nonbinding dictum.

[10] The court considered the defendants' challenges to the court's subject matter jurisdiction in the order they were raised in the defendants' motion to dismiss. It is a better practice, however, to address first the issue that disposes of the case.